UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL P. REYES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PATRICIA ROUCH, OLIVIA BORBOLLA, EDGAR CLARK, G. RODRIGUEZ,<br><br>　　　　Defendants. | Case No. 1:19-cv-01158-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 8).<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

　　　　Plaintiff Abel P. Reyes ("Plaintiff" or "Reyes"), a state prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff's First Amended Complaint is before the Court for screening. (Doc. No. 8). The undersigned finds Plaintiff has failed to state any cognizable claims against any Defendants and accordingly recommends the complaint be dismissed.

## I. BACKGROUND

**A. Procedural Posture**

　　　　Reyes filed his initial complaint on August 21, 2019. (Doc. No. 1). The then-assigned magistrate judge granted his motion for leave to proceed *in forma pauperis* on August 30, 2019. (Doc. No. 4). On March 30, 2020, a screening order issued finding that the complaint failed to

state any cognizable claims but giving Reyes leave to file an amended complaint. (Doc. No. 6). On June 2, 2020, Reyes filed a First Amended Complaint. (Doc. No. 8, "FAC").

### B. Summary of the Complaint

Reyes is currently incarcerated at the California Men's Colony in San Luis Obispo, California. (*See* docket). Reyes alleges constitutional violations arising out of his confinement at California State Prison-Corcoran. ("CSP-C"). (*See* Doc. No. 8 at 7). The FAC identifies four Defendants in their individual capacities, all of whom were employed at CSP-C at the time of the incident in question: Patricia Rouch, nurse practitioner; Olivia Borbolla, registered nurse; Edgar Clark, medical doctor; and G. Rodriguez, registered nurse. (*Id*. at 2, 4). The FAC alleges Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. (*Id*. at 4).

The FAC sets forth the following facts, which are presumed true at this stage, in support of Plaintiff's Eighth Amendment Claim. On August 28, 2017, Nurse Borbolla saw Reyes in the prison's 3-A Clinic at 10:15 a.m. after he complained of severe constant pain in his groin and withdrawal side effects from his morphine being discontinued. (*Id*. at 10). Reyes told Borbolla that the pain interfered with his daily activities and that he felt like he was going to pass out. (*Id*.). Borbolla checked Reyes' vital signs and took four separate blood pressure readings, finding it elevated. (*Id*.). Borbolla "addressed" Reyes' claims of pain, his opiate withdrawal, discontinuation of his morphine and his elevated blood pressure with Nurse Practioner Rouch. (*Id*). Rouch refused to see Reyes or send him to the "E.R." (*Id*.).

At 3:45 p.m., during pill-line, Reyes complained of chest pains, shortness of breath, dizziness, pain and numbness in his left arm, extreme constant pain in his left testicle and pelvis, and symptoms due to his withdrawal from morphine. (*Id*. at 11). Reyes was sent via ambulance to the emergency room at Corcoran Prison. At 4:07 P.M., Reyes was examined by Dr. Clark. (*Id*.). Dr. Clark took Reyes' blood pressure and examined him. (*Id*.). After Reyes detailed his symptoms, Dr. Clark told Reyes his vital signs would be monitored. (*Id*.). Dr. Clark also prescribed two blood pressure medications for Reyes. (*Id*. at 12). Clark left the Prison Hospital at 5:00 p.m.

Reyes then told Nurse Rodriguez about his symptoms. (*Id.*). Rodriguez agreed to call Dr. Clark about his symptoms and Dr. Clark directed Rodriguez to monitor Reyes' blood pressure. (*Id.*). Dr. Clark told Rodriguez to send Reyes to an outside hospital if his blood pressure was still elevated and he was having chest pain. (*Id.*). Rodriguez performed three blood pressure tests and explained to Reyes that he had been placed on two blood pressure medications. (*Id.* at 12-13). Plaintiff states his "vital signs" were still "elevated to the extrem [sic]." (*Id.* at 13). At approximately 7:00 p.m., Rodriguez released Reyes back to his cell. (*Id.*). Before his release, Reyes told Rodriguez that he still felt dizzy and had shortness of breath, chest pains, nausea, lightheadedness, headache, pelvic and scrotum pain, and withdrawal symptoms. (*Id.*). Rodriguez "ignored" Reyes' pain. (*Id.*).

At 3:00 a.m. on August 29, 2017, Reyes' chest pain returned. (*Id.*). He again was seen by unidentified medical staff. (*Id*). Reyes complained of chest and scrotum pain, difficulty breathing and urinating, opiate withdrawal symptoms, anxiety, nausea, vomiting, and dizziness. (*Id.*). Medical personnel gave Reyes the same two blood pressure medications, which caused an "allergic reaction." Plaintiff's FAC contains no further facts. As relief, Plaintiff seeks declaratory relief, $500,000 in monetary damages, and $100,000 in punitive damages from each Defendant.

## II. APPLICABLE LAW

### A. Screening Requirements

Under 28 U.S.C. § 1915A, a court is required to screen a prisoner's complaint that seeks relief against a governmental entity, its officers, or its employees. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

At this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The Court does not accept as true allegations that are merely conclusory or are based on unreasonable inferences or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor do legal conclusions qualify as facts. *Iqbal*, 556 U.S. at 678. Because plaintiff is *pro se*, the Court liberally construes the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).

**B. Section 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to remedy violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws," that were perpetrated by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983; *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-95 (1978); *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by

federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either: (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### C. Eighth Amendment Medical Deliberate Indifference

The Constitution requires that prisoners receive medical care, but the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). The two-part test for deliberate indifference is as follows: "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (internal quotation marks and citation omitted). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also

draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839.

Deliberate indifference is a higher standard than medical negligence or malpractice, and a difference of opinion between medical professionals—or between a physician and the prisoner—generally does not amount to deliberate indifference. *See generally Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Toguchi v. Chung*, 391 F.3d 1051 (9th Cir. 2004); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (A mere "difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference."). Where a claim involves choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment "was medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson*, 90 F.3d at 332. Alternatively, a plaintiff may show that a defendant's response was deliberately indifferent by alleging that "the course of treatment the [medical officials] chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

However, an "inadvertent failure to provide medical care" will not sustain a claim. *Id*. at 105. Misdiagnosis alone is not a basis for a claim, *see Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), and a "mere delay" in treatment, "without more, is insufficient to state a claim of deliberate medical indifference," *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Plaintiff must show that a delay "would cause significant harm and that Defendants should have known this to be the case." *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002).

### III. ANALYSIS

**A. Analysis of Eighth Amendment Claim**

Reyes attributes liability to each Defendant based their alleged acts or omissions that failed to alleviate his pain caused by his opiate withdrawal. As an initial matter, the Court finds Reyes has demonstrated that he had a serious medical need—chest and scrotum pain, shortness of breath, dizziness, and nausea caused by morphine withdrawal. Indeed, drug withdrawal has been recognized to constitute a serious medical condition by several courts. *See Villarreal v. Cty. of Monterey*, 254 F. Supp. 3d 1168, 1184 (N.D. Cal. 2017) (collecting cases). However, Reyes fails to meet the second prong of the deliberate indifference test—articulating any facts that the Defendants' response to his needs was deliberately indifferent. *Wilhelm*, 680 F.3d at 1122.

While his FAC is rife with conclusory allegations that Defendants were deliberately indifferent to his medical needs, Reyes does not include any facts or information demonstrating that any of the Defendants' responses to his complaints showed indifference or a purposeful failure to respond to Plaintiff's pain, or that he suffered any injury as a result. Instead, the FAC details Plaintiff's continuing symptoms over an 18-hour period from his withdrawal from morphine. During this time, he was seen in medical by each Defendant, except Defendant Rouch. As to Rouch, the FAC states only that after Nurse Borbolla examined Reyes and took his vitals and blood pressure, Borbolla relayed the information to Nurse Practioner Rouch, who "refused to see the Plaintiff or examine him or refused to send him to the E.R." (Doc. No. 8 at 10, ¶¶ 18-19). Rouch's refusal to see Reyes following Borbolla's examination of him does not suggest the level of indifference required for an Eighth Amendment claim. "The indifference to [Reyes] medical needs must be substantial." *Broughton v. Cutter Laboratories*, 622 F. 2d 458, 460 (9th Cir. 1980) (citations omitted). "Mere 'indifference,' 'negligence' or 'medical malpractice' will not support this cause of action." *Id*.

Over this 18-hour period, each of the other three Defendants personally examined Reyes. Reyes' vitals and blood pressures were repeatedly taken and monitored. Reyes was sent to the prison's hospital for further examination and evaluation. Reyes was prescribed blood pressure medications and was placed under further observation and monitoring by medical staff before

7

being returned to his cell.  When Reyes' chest pains "returned" at 3:00 a.m., he was seen in medical again and administered "another dose of Metoprolol[1] and hydrochlorothiazide"[2]  At most, Reyes disagrees with the course of treatment each defendant rendered.  A difference of opinion between a medical professional and a prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs.  *See Hamby*, 821 F.3d at 1092 ("Eighth Amendment doctrine makes clear that '[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.'" (citation omitted)).  Reyes has not alleged any facts that any of the Defendants' course of treatment "was medically unacceptable under the circumstances," or was chosen "in conscious disregard of an excessive risk to [Reyes'] health."  *Jackson*, 90 F.3d at 332.  There is nothing in the FAC from which the Court can reasonably infer that any of the Defendants had the requisite subjective state of mind required for deliberate indifference.  Accordingly, the undersigned finds Reyes has failed to state a claim an Eighth Amendment claim against any of the named Defendants.

**B. Medical Malpractice Claims**

Reyes asserts state law claims of medical malpractice against all Defendants.  (Doc. No. 8 at 19).  The Government Claims Act requires exhaustion of Reyes' state law tort claims with the California Victim Compensation and Government Claims Board.  The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues.  Cal. Gov't Code §§ 905, 911.2, 945, 950.2.  Reyes is required to expressly allege compliance with the Act in his complaint.  *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208–09 (Cal. 2007); *State v. Superior Court of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir.

---

[1] Metoprolol is used to treat high blood pressure and prevent angina (chest pain). https://medlineplus.gov/druginfo/meds/a682864.html.
[2] Hydrochlorothiazide is used alone or with other medications to treat high blood pressure. https://medlineplus.gov/druginfo/meds/a682571.html#:~:text=Hydrochlorothiazide%20is%20used%20to%20treat,medications%20including%20estrogen%20and%20corticosteroids.

2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Reyes has failed to allege compliance with the Government Claims Act. Accordingly, the undersigned recommends that Reyes' state law claims be dismissed.

### III. FINDINGS AND RECOMMENDATIONS

Based on the above, the Court finds that the FAC fails to state any cognizable claims against any Defendant. Despite being provided with the relevant pleading and legal standards after filing his original complaint, Reyes has been unable to cure the remaining deficiencies in his FAC and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is **ORDERED:**

The Clerk of Court shall assign this case to a District Judge.

It is further **RECOMMENDED**:

The First Amended Complaint (Doc. No. 8) be dismissed for failure to state any claims.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: July 26, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE