UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL P. REYES,<br><br>   Plaintiff,<br><br>   v.<br><br>PATRICIA ROUCH, ET. AL.,<br><br>   Defendants. | Case No.  1:19-cv-1158-NONE-HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No.  12) |

Plaintiff Abel P. Reyes initiated this action proceeding *pro se* by filing a prisoner civil rights complaint under 42 U.S.C. § 1983.  (Doc. No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 27, 2021, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's first amended complaint ("FAC") be dismissed for failure to state a cognizable claim.  (Doc. No. 12.)  Those findings and recommendations were served on plaintiff and contained notice that objections were due within fourteen days.  (*Id*.)  The assigned magistrate judge granted plaintiff two extensions to file objections.  (Doc. Nos. 14, 16.)  Applying the prison mailbox rule, plaintiff timely filed objections on September 30, 2021.  (Doc. No. 17.)  No defendants filed a reply thereto.

In his FAC plaintiff alleged both Eighth Amendment deliberate indifference to a serious medical condition claims and California medical malpractice claims stemming from symptoms

that plaintiff experienced from opiate withdrawal.  (Doc. No. 8 at 2–12.)  The findings and recommendations concluded that plaintiff's symptoms constituted a serious medical condition under the first prong of the Eighth Amendment medical deliberate indifference analysis, but that his allegations regarding deliberate indifference—the second prong of the analysis— were "rife with conclusory allegations that Defendants were deliberately indifferent to his medical needs" and "d[id] not include any facts of information demonstrating that any of the Defendants' responses to his complaints showed indifference or a purposeful failure to respond to Plaintiff's pain, or that he suffered any injury as a result."  (Doc. No. 12 at 7.)

Plaintiff objected to the magistrate judge's findings and recommendations, arguing that defendant Rouch refused to see plaintiff or send him to an outside emergency room,  (*Id.* at 3), but plaintiff's FAC acknowledges that he was seen by several other medical staff members and was provided medical treatment, including his receiving of Metoprolol and hydrochlorothiazide.  (Doc. No. 12 at 8.)  The magistrate judge properly concluded that plaintiff alleged, at best, a difference of opinion between himself and his medical providers regarding the proper course of medical treatment.  The magistrate judge further found that plaintiff had failed to exhaust his state law tort claims as required by statute.  Cal Gov't Code §§ 905, 911.2, 945, 950.2.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

ACCORDINGLY, it is ORDERED:

1. The findings and recommendations filed on July 27, 2021 (Doc. No. 12) are adopted in full;
2. This case is dismissed; and
3. The Clerk of the Court is directed to assign a District Judge to this action for purposes of closing the case and then to close this case.

IT IS SO ORDERED.

Dated:  **December 27, 2021**

UNITED STATES DISTRICT JUDGE

2